IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CHANDRA ADINE BACA,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING MOTION FOR COMPASSIONATE RELEASE**<br><br>Case No. 2:16-cr-00563-DN<br><br>District Judge David Nuffer |

Defendant filed a motion seeking compassionate release ("Motion").[1] The government opposes the Motion.[2] The United States Probation Office prepared and filed a report.[3] Defendant filed a reply.[4] Because Defendant fails to demonstrate that extraordinary and compelling reasons warrant compassionate release, the Motion is DENIED.

## DISCUSSION

### The Motion is procedurally proper

"The First Step Act . . . modified 18 U.S.C. § 3582(c) to allow a defendant federal prisoner to file [a] motion [for compassionate release or a sentence modification] with the court him or herself."[5] However, to file such a motion, a defendant must have "fully exhausted all

---

[1] Defendant's Motion for Reduction in Sentence Under 18 U.S.C. § 3582(C)(1)(A), docket no. 107, filed March 5, 2021.

[2] United States' Opposition to Defendant's Motion for Reduction in Sentence Under 18 U.S.C. § 3582(C)(1)(A), docket no. 113, filed April 5, 2021.

[3] First Step Act Relief Eligibility Report, docket no. 109, filed under seal March 19, 2021 (as amended, docket no. 110, filed under seal March 25, 2021).

[4] Defendant's Reply to the Government's Response to Her Motion for Reduction in Sentence Under 18 U.S.C. § 3582(C)(1)(A), docket no. 115, filed May 24, 2021.

[5] *United States v. Williams*, No. 2:17-cr-00417-DAK, 2020 WL 806026, *1 (D. Utah Feb. 18, 2020) (citing 18 U.S.C. § 3582(c)(1)(A); *United States v. Willis*, 382 F.Supp.3d 1185, 1187 (D. N.M. 2019)).

administrative rights to appeal a failure of the Bureau of Prisons [("BOP")] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."[6] If one of these requirements is satisfied, "a court may reduce a defendant's sentence if it finds that 'extraordinary and compelling reasons warrant such a reduction,' and that such reasons 'could not reasonably have been foreseen by the court at the time of sentencing.'"[7] In making this determination, the court must also consider the factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable.[8] A defendant has the burden of showing extraordinary and compelling reasons warrant a sentence reduction.[9]

Defendant filed a request for compassionate release with the Warden of F.C.I. Waseca on November 12, 2020.[10] She received a denial of her request on November 17, 2020.[11] The Motion was filed on March 5, 2021.[12] Therefore, the Motion is procedurally proper, and its merits may be addressed.[13]

### Defendant fails to demonstrate extraordinary and compelling reasons to warrant compassionate release

Defendant argues that extraordinary and compelling reasons exist to warrant compassionate release because she "suffers from a number of physical health problems, including but not limited to obesity," which creates an increased risk of serious illness from

---

[6] 18 U.S.C. § 3582(c)(1)(A).

[7] *Williams*, 2020 WL 806026, at *1 (quoting 18 U.S.C. § 3582(c)(1)(A)(i); 28 C.F.R. § 571.60).

[8] 18 U.S.C. § 3582(c)(1).

[9] United States v. Billings, No. 19-CR-00099-REB, 2020 WL 4705285, at *2 (D. Colo. Aug. 13, 2020).

[10] Motion at 1.

[11] *Id*. at 2.

[12] *Id*. at 16.

[13] 18 U.S.C. § 3582(c)(1)(A).

COVID-19.[14] Defendant tested positive for the virus in October 2020, and has since recovered.[15] Defendant has been offered and refused a vaccine.[16]

The phrase "extraordinary and compelling reasons" is not defined in the statute. While the United States Sentencing Commission ("USSC") has issued a policy statement which defined the phrase "to include serious medical conditions and the age of the defendant,"[17] the Tenth Circuit has recently held that "the [USSC] existing policy statement is applicable only to motions for sentence reductions filed by the Director of the BOP, and not to motions filed directly by defendants."[18] Because the Motion was filed by Defendant, the policy statement is inapplicable, and district court possess "the authority to exercise [their] independent discretion to define the term 'extraordinary and compelling reasons.'"[19] However, the policy statement's definition of the phrase provides a "persuasive, albeit not controlling, illustration of extraordinary and compelling reasons that warrant a reduction in sentence —e.g., the defendant's terminal illness, advanced age, debilitating medical condition, or the death or incapacitation of the sole caregiver for the defendant's minor children."[20]

Defendant fails to demonstrate that her medical conditions, even combined with the COVID-19 pandemic, constitute extraordinary and compelling reasons to justify release. Defendant puts forward the possibility of her contracting COVID-19 as such a reason, although

---

[14] Motion at 2, 6.

[15] Exhibit C – BOP Medical Records ("2020 Medical Records"), docket no. 108-1, filed March 5, 2021, at 2.

[16] Sealed Exhibit C to United States' Opposition to Defendant's Motion for Reduction in Sentence Under 18 U.S.C. § 3582(C)(1)(A) ("2021 Medical Records"), docket no. 114-1, filed under seal April 5, 2021, at 7.

[17] *Williams*, 2020 WL 806026, at *1 (quoting *United States v. Gutierrez*, No. CR 05-0217 RB, 2019 WL 2422601, *2 (D. N.M. June 10, 2019)).

[18] United States v. McGee, 992 F.3d 1035, 1050 (10th Cir. 2021).

[19] United States v. Carr, 851 F. App'x 848, 853 (10th Cir. 2021) (unpublished).

[20] United States v. Blair, No. 17-CR-00079-CMA, 2021 WL 2375872, at *1 (D. Colo. June 10, 2021).

that risk would presumably still exist were she to be released. Prisons do present a risk of COVID-19 transmission, and Defendant's medical condition of obesity does place her in a high-risk level were she to contract COVID-19.[21] However, Defendant did contract COVID-19 in October 2020, and evidently recovered.[22] Such a recovery weighs against Defendant's contention that she would be in grave danger were she to contract COVID-19. Additionally, there is nothing to suggest that Defendant's medical conditions cannot be managed while she is incarcerated. And there are currently no confirmed cases of COVID-19 among inmates at F.C.I. Waseca,[23] where Defendant is incarcerated.[24]

Defendant was offered and declined the COVID-19 vaccine.[25] Defendant offers no reason as to why she refused a COVID-19 vaccine. Other courts have held that refusing a COVID-19 vaccine weighs against compassionate release, as "a prisoner who remains at elevated risk because he [or she] has declined to be vaccinated cannot plausibly characterize that risk as an 'extraordinary and compelling' justification for release."[26] Current CDC guidance states that COVID-19 vaccines are safe and effective at protecting against severe illness and death resulting from COVID-19, and infections tend to be mild in vaccinated individuals.[27] To

---

[21] CDC, "People with Certain Medical Conditions," https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited September 24, 2021)

[22] 2020 Medical Records at 2.

[23] https://www.bop.gov/coronavirus/ (last visited September 24, 2021).

[24] Motion at 2.

[25] 2021 Medical Records at 7.

[26] United States v. Broadfield, 5 F.4th 801, 802 (7th Cir. 2021).

[27] CDC, "When You've Been Fully Vaccinated," https://www.cdc.gov/coronavirus/2019-ncov/vaccines/fully-vaccinated.html (last visited September 24, 2021).

allow Defendant's own choice to remain unvaccinated to constitute extraordinary and compelling reasons for release would create a "perverse incentive" to remain unvaccinated.[28]

The combination of Defendant's relatively manageable medical conditions, her past infection with COVID-19, and her refusal of a vaccine show Defendant has not met her burden to demonstrate extraordinary and compelling reasons for release.

Even if Defendant's medical condition and the COVID-19 pandemic constituted extraordinary and compelling reasons, the relevant factors set forth in 18 U.S.C. § 3553(a) do not support granting Defendant compassionate release. Defendant was discovered transporting a substance containing methamphetamine.[29] After posting bond on related charges, she fled to Mexico[30], where she remained for roughly 16 months.[31] Upon her surrender, she was sentenced to 70-months incarceration, of which she has served approximately 41 months (~59%).[32] Defendant has also been convicted of a similar crime in the past, where she was found to be transporting more than 30 kilograms of marijuana.[33]

The serious nature and circumstances of Defendant's offense, the appropriateness of the original 70-month prison sentence, and the need to protect the public from further crimes weigh against granting relief to Defendant. Therefore, Defendant has failed to demonstrate that her conditions and circumstances (considered individually or collectively) justify granting her compassionate release.

---

[28] See United States v. Williams, No. 4:18-CR-00036-DN, 2021 WL 3055609, at *4 (D. Utah July 20, 2021) (quoting United States v. Greenlaw, No. 1:18-CR-00098-JAW-06, 2021 WL 1277958 (D. Me. Apr. 6, 2021)).

[29] Presentence Investigation Report, docket no. 109-1, filed under seal March 19, 2021, at 5.

[30] The Presentence Investigation Report notes that Defendant claims she was compelled to do so by Codefendant Victor Manuel Chavez, who "made it clear" that he could harm her family. Id. at 7.

[31] Id.

[32] First Step Act Relief Eligibility Report at 1-2.

[33] Presentence Investigation Report at 12.

### Jurisdiction is lacking over Defendant's request for home confinement

To the extent Defendant requests home confinement,[34] the authority to designate the place of an inmate's incarceration rests with the BOP, not the sentencing court.[35] "The [BOP] is given this responsibility because the executive branch and not the judicial branch is responsible for administering sentences."[36] And "[n]otwithstanding any other provision of law, a designation of a place of incarceration [by the BOP] is not reviewable by any court."[37] Therefore, jurisdiction is lacking over Defendant's request for home confinement.

### ORDER

THEREFORE, IT IS HEREBY ORDERED that Defendant's Motion[38] is DENIED.

Signed September 28, 2021.

BY THE COURT

David Nuffer
United States District Judge

---

[34] Motion at 16.

[35] 18 U.S.C. § 3621(b); *United States v. Miller*, 594 F.3d 1240, 1242 (10th Cir. 2010).

[36] *United States v. Voda*, 994 F.2d 149, 151-152 (5th Cir. 1993) (internal citations omitted).

[37] 18 U.S.C. § 3621(b).

[38] Docket no. 107, filed March 5, 2021.